Wendel Speer KUHN Jr., Francis E. Becker Jr., Bruce C. Derenthal, Julian Russell Dracon, Jacqueline Farrar, Robert J. Flor, Edward N. Gootee Jr., Davis S. Harrigan, Jerry D. Jacks, Joe B. Mohorn, Richard C. Poyns, Donald L. Tatterson, Drew Charles Weyland, Richard W. Zolman, and all others similarly situated, Plaintiffs–Appellants,

v.

STATE of Colorado, the DEPARTMENT OF REVENUE of the State of Colorado, and John J. Tipton, in his capacity as Executive Director of the Department of Revenue of the State of Colorado, Defendants–Appellees.

No. 94SA324.

Supreme Court of Colorado,
En Banc.

June 5, 1995.

Coghill & Goodspeed P.C., G. Stephen Long, David J. Richman, Martin D. Beier, Denver, Sparks Dix, P.C., Timothy V. Dix, R. Kenneth Sparks, Colorado Springs, for plaintiffs-appellants.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Maurice Knaizer, Deputy Atty. Gen., Larry A. Williams, First Asst. Atty. Gen., Thomas D. Fears, Asst. Atty. Gen., General Legal Services Section, Denver, for defendants-appellees.

Justice ERICKSON delivered the Opinion of the Court.

We accepted jurisdiction pursuant to section 13–4–110(1)(a), 6A C.R.S. (1987),[1] to review the Denver District Court's May 4, 1994, order in *Kuhn v. Colorado*, No. 94SA324 (Denver Dist.Ct. May 4, 1994).[2] We affirm.

On June 16, 1989, a class action was filed by federal military retirees against the State of Colorado (state) asserting that Colorado tax statute section 39–22–104(4)(g), 16B C.R.S. (1988 Supp.), was unconstitutional because of the United States Supreme Court's decision in *Davis v. Michigan Department of Treasury*, 489 U.S. 803, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989). In *Kuhn v. State Department of Revenue*, 817 P.2d 101, 110 (Colo.1991) (*Kuhn* I), we affirmed summary judgment for the military retirees because section 39–22–104(4)(g) was unconstitutional under *Davis*, and remanded for a determina-

---

**1.** Section 13–4–110(1)(a) provides:

When a party in interest alleges, or the court is of the opinion, that a case before the court of appeals is not properly within the jurisdiction of the court of appeals, the court of appeals shall refer the case to the supreme court. The supreme court shall decide the question of jurisdiction in a summary manner, and its determination shall be conclusive.

**2.** The following issues are before us for review:

1. Whether the trial court erroneously applied the doctrine of res judicata or "law of the case" to exclude some refund claimants from the certified plaintiff class.

2. Whether claimants otherwise entitled to tax refunds for the tax year 1984 should be excluded from the certified plaintiff class by operation of a statute of limitations [in section 39–21–108, 16B C.R.S. (1994)].

tion of class certification. On October 6, 1993, the trial court certified the present case as a class action.

In its May 4, 1994, order the trial court amended its October 6, 1993, class certification order and concluded that all persons who filed their 1984 tax returns prior to June 16, 1985 (appellants), are excluded from the certified class of refund claimants because the issue of their eligibility in the class is res judicata and the four-year limitations period in section 39–21–108, 16B C.R.S. (1994), precludes them from claiming refunds. We disagree with the trial court that res judicata bars the appellants from claiming refunds for taxes paid in returns filed prior to June 16, 1985, but agree that the four-year limitations period in section 39–21–108 precludes the appellants from claiming refunds for taxes paid in returns filed prior to June 16, 1985. Accordingly, we affirm the trial court's May 4, 1994, order excluding appellants from the certified class because they filed 1984 tax returns prior to June 16, 1985.

I

In *Kuhn* I, we consolidated *Kuhn v. State*, No. 89CV9164 (Denver Dist.Ct. June 8, 1990) and *Reimer v. Department of Revenue*, No. 89CV3837 (El Paso Dist.Ct. April 13, 1990) for review. Both trial courts found section 39–22–104(4)(g) unconstitutional and granted the military retirees' motions for summary judgment. We affirmed summary judgment for the military retirees because section 39–22–104(4)(g) was unconstitutional under *Davis*. *Kuhn* I, 817 P.2d at 110. The military retirees were entitled to refunds for any taxes illegally collected under section 39–22–104(4)(g). *Id.* We reversed the trial court's denial of class certification and remanded for a determination of whether the class should be certified pursuant to C.R.C.P. 23(b). *Id.*[3]

On remand, the state contended that approximately 29,300 military retirees could be paid immediate refunds in order to avoid the running of interest. These military retirees were deemed "timely" filers by the state because they had filed administrative claims

for refunds after the *Davis* decision and within four years of filing their tax returns. Approximately $20,000,000 in refunds were paid to the "timely" filers (May 1992 disbursement).

After *Kuhn* I, criteria for membership in two classes remains in dispute. The "untimely filers" filed administrative claims, but were denied refunds because the state asserted the claims were untimely. The "nonfilers" failed to file administrative refund claims and could not be identified by the state after remand.

On June 4, 1992, the military retirees renewed their motion for class certification. The trial court certified the present case as a class action on October 6, 1993, defining the class as "all retired members of the armed forces of the United States who received military retirement pay in excess of $2,000 in one or more of tax years 1984 through 1988 while under the age of fifty-five, and paid Colorado state income tax thereon."

On December 28, 1993, the trial court excluded from the class those military retirees paid in the May 1992 disbursement. The state sought clarification of the class definition order and argued that military retirees with claims for the tax year 1984 must be excluded from the class. The military retirees filed their 1984 tax returns more than four years before the lawsuit was initiated on June 16, 1989, which was after the four-year limitations period in section 39–21–108, 16B C.R.S. (1994), had run.

On May 4, 1994, the trial court issued an order granting the state's motion for clarification and amended the class certification order by excluding from the class all 1984 tax year claimants who filed their tax returns prior to June 16, 1985. The order, which is the subject of the present appeal, provides, in relevant part:

The Court finds that this issue [whether the statute of limitations was not tolled until March 28, 1989, when *Davis* was decided] is *res judicata.* 39–21–108(1)(a) C.R.S. governs the refund of Plaintiffs'

3. We did not review the class action issue in *Reimer* because it was not preserved as an issue

on appeal.

claims. *See Kuhn v. State Dep't of Revenue of State of Colorado*, 817 P.2d 101, 104 (Colo.1991). The filing of a class action lawsuit tolls the limitations period as to all putative class members, even before the certification of the class. *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 552–555 [94 S.Ct. 756, 765–767, 38 L.Ed.2d 713] (1974). Plaintiffs filed this case on June 16, 1989; the four year statute of limitations precludes Plaintiffs from claiming refunds for taxes paid prior to June 16, 1985.

Accordingly, the Court clarifies its Order of October 6, 1993 in conformance with its Order of June 8, 1990 to exclude all persons who filed their taxes prior to June 16, 1985.

Appellants, individually and as representatives of the class of federal military retirees, appealed the trial court's May 4, 1994, order. The trial court certified the order as final and appealable on July 26, 1994. The state requested certification of the appeal to the supreme court pursuant to section 13–4–109(1)(a), 6A C.R.S. (1987),[4] and C.A.R. 50. On September 1, 1994, the court of appeals determined the issues were of significant public interest under section 13–4–109(1)(a) and referred the case to the supreme court pursuant to section 13–4–110(1)(a), 6A C.R.S. (1987). We accepted transfer of the case from the court of appeals on September 9, 1994.

## II

In its May 4, 1994, order the trial court found that the issue of whether the statute of limitations was tolled on March 28, 1989, when *Davis* was decided, is res judicata. We disagree.

The doctrine of res judicata provides "that an existing judgment is conclusive of the rights of the parties in any subsequent suit on the same claim." *Pomeroy v. Waitkus*, 183 Colo. 344, 350, 517 P.2d 396, 399 (1973). For res judicata to apply, the following elements must be satisfied:

> Res judicata constitutes an absolute bar only when there is in both the prior and subsequent suits identity of subject matter, identity of the cause of action, identity of parties to the action, and identity of capacity in the persons for which or against whom the claim is made.

*Westminster v. Church*, 167 Colo. 1, 8, 445 P.2d 52, 55 (1968). Res judicata bars subsequent claims by identical parties based on the same claim for relief after there has been a final judgment on the merits. *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1237–38 (10th Cir.1992). Because res judicata is not applicable to an earlier decision in the same lawsuit, the trial court erred in applying the doctrine.

The trial court may have used the phrase "res judicata" when it meant to apply the doctrine of "law of the case." Law of the case differs from res judicata because law of the case applies to final decisions that affect the same parties in the same case. *Verzuh v. Rouse*, 660 P.2d 1301, 1303 (Colo.App.1982). The law of the case established by an appellate court must be followed on remand in subsequent proceedings before a trial court. *People v. Roybal*, 672 P.2d 1003, 1005 (Colo. 1983).[5]

The trial court erred in concluding that we determined that the statute of limitations issue in *Kuhn* I was res judicata. In *Kuhn* I, we stated that the trial courts had ordered the state to make refunds "to the affected plaintiffs insofar as the plaintiffs had filed refund claims within the applicable stat-

---

4. Section 13–4–109(1)(a) states:

**13–4–109. Certification of cases to the supreme court.** (1) The court of appeals, prior to final determination, may certify any case before it to the supreme court for its review and final determination, if the court of appeals finds:

(a) The subject matter of the appeal has significant public interest....

5. The doctrine of law of the case applies "not only to the conclusive effect of appellate rulings on remand, but also to the binding force of trial court rulings during later trial court proceedings." *Roybal*, 672 P.2d at 1005 n. 5. Application of law of the case by a trial court to its prior rulings is a discretionary rule of practice. *People ex rel. Gallagher v. District Court*, 666 P.2d 550, 553 (Colo.1983); *Mining Equip., Inc. v. Leadville Corp.*, 856 P.2d 81, 85 (Colo.App.1993).

ute of limitations set forth in section 39–21–108(1)(a)...." *Kuhn* I, 817 P.2d at 104.

The issue of how a particular limitations period would apply or when the limitations period in section 39–21–108(1)(a) began to run was not decided in *Kuhn* I and has not been decided by the trial court. The doctrine of law of the case cannot apply because there has been no prior decision on the application of section 39–21–108(1)(a).

### III

### A

■ The state contends that the appellants should be denied class membership for any claim based upon taxes paid in returns filed prior to June 16, 1985, because of the four-year limitations period in section 39–21–108(1)(a). We agree.

Section 39–21–108(1)(a) provides, in relevant part:

In the case of income tax imposed by article 22 of this title, the taxpayer must file any claim for refund or credit for any year not later than one year after the expiration of the time provided for filing a claim for refund of federal income tax, including any extensions of such period by agreement between the taxpayer and the federal taxing authorities....

The federal statute of limitations for tax refunds is contained in 26 U.S.C. § 6511(a) (1988), and states, in relevant part:

Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later....

Reading the two statutes together, no taxpayer may seek a refund of taxes in Colorado that were paid more than four years prior to the filing of a claim for a refund.[6]

In *United States v. Dalm*, 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990), the Supreme Court reviewed the federal statutory provisions[7] that qualify a taxpayers right to initiate a tax refund claim. The Court stated:

Second, § 6511(a) provides that if a taxpayer is required to file a return with respect to a tax, such as the gift tax, the taxpayer must file any claim for refund within three years from the time the return was filed or two years from the time the tax was paid, whichever period expires later.... [U]nless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been "erroneously," "illegally," or "wrongfully collected," §§ 1346(a)(1),

---

**6.** In their reply brief, the appellants contend that the phrase "claim for refund" in § 39–21–108(1)(a) refers only to the filing of an administrative claim. The appellants argue that the limitations period in § 39–21–108(1)(a) does not apply in the present case because, in *Kuhn* I, we explicitly stated that the military retirees were not required to file administrative claims for relief in order to obtain refunds.

We disagree with the appellants' contention. In *Kuhn* I, we stated: "Thus, the *Kuhn* plaintiffs were not required to comply with the administrative procedures in section 39–21–108 before challenging its [§ 39–22–104(4)(g), 16B C.R.S. (1988 Supp.)] constitutionality." *Kuhn* I, 817 P.2d at 104.

In *Kuhn* I, we determined that the military retirees did not have to file administrative claims with the Colorado Department of Revenue before pursuing their claims directly in the Denver District Court. Because the Department of Revenue had previously publicly stated that it would not

rule on any claims until a court had adjudicated the constitutionality of § 39–22–104(4)(g), filing administrative claims would be futile. *Id.*

Our reasoning in *Kuhn* I regarding the filing of administrative claims does not obviate the four-year limitations period in § 39–21–108(1)(a). In *Kuhn* I, we addressed the constitutionality of § 39–22–104(4)(g). We did not state that the limitations period for tax refunds in § 39–21–108(1)(a) was inapplicable.

**7.** The Court determined that 28 U.S.C. § 1346(a)(1) (1982) should be read in conjunction with 26 U.S.C. §§ 6511(a), 7422(a) (1982). Section 1346(a)(1) provided that district courts have jurisdiction over internal revenue taxes alleged to have been erroneously or illegally assessed or collected. Section 7422(a) stated that a taxpayer may not bring a suit for refund of an erroneously or illegally assessed or collected internal revenue tax until a claim for refund or credit has been filed.

7422(a) may not be maintained in any court.

*Id.* at 602, 110 S.Ct. at 1365. The Court determined that the time limit specified in § 6511(a) applied regardless of whether the tax was erroneously, illegally, or wrongfully collected. *Id.* The fact that the taxpayer in *Dalm* did not learn until after the limitations period had run that the tax had been erroneously paid and that she had grounds upon which to claim a refund, did not lift the limitations bar. *Id.* at 608–10, 110 S.Ct. at 1368–69.

Courts have strictly construed the three-year limitations period in § 6511(a) and have not permitted equitable tolling absent "clearly unique situations." *Oropallo v. United States,* 994 F.2d 25, 28 (1st Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 705, 126 L.Ed.2d 671 (1994). Tax laws have generally been viewed as technical laws that are not subject to equitable principles. *Id.; see Vintilla v. United States,* 931 F.2d 1444, 1446 (11th Cir.1991) (Under 26 U.S.C. § 6511(a), principles of equitable tolling did not allow the plaintiffs to maintain a claim for refund more than three years after they paid the tax, even though twenty-four similarly situated taxpayers had not been required to pay the tax for which the plaintiffs sought a refund.).

▮▮ Section 39–21–108(1)(a) extends the time for filing a claim for refund in Colorado by one year over the federal limitations period. The statute does not change the time when the limitations period begins to run. The limitations period in section 39–21–108(1)(a), in conjunction with § 6511(a), begins at the time the return was filed by the taxpayer, or when the tax was paid, independently of a taxpayer's knowledge of an injury. Whether a taxpayer knew or should have known he suffered an injury is irrelevant.

In contrast, section 13–80–102(1)(f), 6A C.R.S. (1987), which provides a two-year statute of limitations for filing civil actions, states that an action against a governmental entity must be commenced within two years "after the cause of action accrues." § 13–80–102(1)(f). Section 13–80–108(1), 6A C.R.S. (1987 & 1994 Supp.), provides that a cause of

action accrues "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." A plaintiff's knowledge of an injury or a determination of when a plaintiff should have had knowledge, is imperative for determining when the statute of limitations in section 13–80–102(1)(f) begins to run.

▮▮ Section 39–21–108(1)(a) is more appropriately characterized as a statute of repose than a statute of limitations. A statute of limitations that bars a claim after a specified period, regardless of the date on which the claimant discovers the error or omission that gives rise to the claim, is a strict limitation period or statute of repose. *Austin v. Litvak,* 682 P.2d 41, 45 n. 3 (Colo. 1984). A statute of repose begins when a specific event occurs and bars a claim for relief regardless of whether the claim has accrued or an injury has resulted. *See Anderson v. M.W. Kellogg Co.,* 766 P.2d 637, 640 (Colo.1988); *Comstock v. Collier,* 737 P.2d 845, 849 (Colo.1987); *Yarbro v. Hilton Hotels Corp.,* 655 P.2d 822, 825 (Colo.1983).

### B

▮▮ Relying on *Board of County Commissioners v. Doherty,* 114 Colo. 594, 168 P.2d 556 (1946), the appellants claim that the applicable limitations period did not begin to run until March 28, 1989, when *Davis v. Michigan Department of Treasury,* 489 U.S. 803, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989), was decided. In *Doherty,* we considered the application of a six-year statute of limitations to a lawsuit for taxes erroneously paid from 1925 until 1937 on property the taxpayer did not own. We concluded that the six-year limitations period did not begin to run until the taxpayer discovered the tax was erroneous and illegal. *Doherty,* 114 Colo. at 603–04, 168 P.2d at 561.

We reject the appellants' contention. *Doherty* involved a mistake of fact in the payment of property taxes. In 1981, the General Assembly amended the statute addressing the refund and abatement of property taxes to state, "[h]owever, in no case shall an abatement or refund of taxes be made more than six years after the taxes were due."

Ch. 446, sec. 2, § 39–10–114(1)(a), 1981 Colo. Sess.Laws 1837, 1838.[8] Prior to 1981, there had been no specific statutory time limitation for abatement or refund of taxes erroneously or illegally paid. The General Assembly specifically rejected the discovery approach for determining when the limitations period begins to run for the refund of property taxes.

■ The Supreme Court's decision in *Davis v. Michigan Department of Treasury*, 489 U.S. 803, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989), cannot provide the date on which the four-year limitations period began to run because *Davis* is not causally connected to the appellants' injuries. A change in the law does not revive claims otherwise barred by a statute of limitations. *Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 931 (Cal.1988).[9] The appellants were injured when they paid the tax. After they paid the tax they had the ability to challenge the lawfulness of the tax. *Davis* provided notice to the appellants of the ease with which they might get their refunds, but did not injure the appellants and begin the limitations period.

Accordingly, we affirm the trial court's May 4, 1994, order that excluded appellants from the certified class because they filed 1984 tax returns prior to June 16, 1985.

SCOTT, J., does not participate.

---

8. In 1988 the General Assembly modified § 39–10–114(1)(a) to state:

    [I]n no case shall an abatement or refund of taxes be made unless a petition for abatement or refund is filed within one year of the date upon which the taxes were due or within one year of the issuance of a final order or judgment in an appeal filed pursuant to section 39–8–108, whichever is later.

    Ch. 268, sec. 24, § 39–10–114(1)(a)(I)(A), 1988 Colo.Sess.Laws 1276, 1291. The General Assembly modified § 39–10–114(1)(a)(I)(A) in 1991 to provide:

    [I]n no case shall an abatement or refund of taxes be made unless a petition for abatement or refund is filed within two years after January 1 of the year following the year in which the taxes were levied.

    Ch. 309, sec. 3, § 39–10–114(1)(a)(I)(A), 1991 Colo.Sess.Laws 1962, 1963.

9. In *Jolly*, the Supreme Court of California provided the following policy reasons for concluding that a change in the law does not revive claims barred by a statute of limitations:

    First, the rule encourages people to bring suit to change a rule of law with which they disagree, fostering growth and preventing legal stagnation. Second, the statute of limitations is not solely a punishment for slow plaintiffs. It serves the important function of repose by allowing defendants to be free from stale litigation, especially in cases where evidence might be hard to gather due to the passage of time. Third, to hold otherwise would allow virtually unlimited litigation every time precedent changed.

    *Jolly*, 751 P.2d at 932.