The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
May 31, 2018

## 2018COA80

## No. 17CA0233, *Cordell v. Klingsheim* — Taxation — Sale of Tax Liens — Notice

A division of the court of appeals addresses an issue of first

impression: whether due process requires that a separate notice of

a pending tax sale to be mailed to each record owner when the

record owners are a married couple residing at the same address?

After first concluding that this issue was left open by the supreme

court's opinion in *Klingsheim v. Cordell*, 2016 CO 18, the division

concludes that notice mailed to both record owners in a single piece

of mail is constitutionally adequate.  Accordingly, the division

affirms the district court's order reinstating the treasurer's deed.

COLORADO COURT OF APPEALS      **2018COA80**

Court of Appeals No. 17CA0233
La Plata County District Court No. 12CV47
Honorable Suzanne F. Carlson, Judge

Carl A. Cordell and Wanda M. Cordell,

Plaintiffs-Appellants,

v.

Bradley Klingsheim,

Defendant-Appellee.

ORDER AFFIRMED

Division V
Opinion by JUDGE WELLING
Dunn and Casebolt*, JJ., concur

Announced May 31, 2018

Jon Lewis Kelly, P.C., Jon Lewis Kelly, Dolores, Colorado, for Plaintiffs-Appellants

The Baty Law Firm P.C., Michael W. Baty, Durango, Colorado, for Defendant-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2017.

¶ 1    Carl A. and Wanda M. Cordell (the Cordells) appeal the trial court's 2016 order reinstating a treasurer's deed for a tract of land in La Plata County (the reinstatement order).  But this is not these parties' first visit to this court.  In 2014, a division of this court affirmed a trial court order voiding a treasurer's deed following a 2013 tax sale of the disputed tract (the voiding order).  *See Cordell v. Klingsheim*, 2014 COA 133 (*Cordell I*).  In 2016, our supreme court reversed *Cordell I*.  *See Klingsheim v. Cordell*, 2016 CO 18 (*Cordell II*).

¶ 2    The trial court issued the reinstatement order on remand following the decision in *Cordell II*.  It did so without substantive analysis of its own.  On appeal, the Cordells contend that the trial court was not required to reinstate the treasurer's deed on remand because the holding in *Cordell II* reached only one of the two grounds on which the trial court rested the voiding order.  In other words, they contend that the alternative ground for voiding the treasurer's deed remained viable following *Cordell II* and that alternative basis was meritorious.  Although we agree with the Cordells that their alternative argument for voiding the treasurer's

1

deed was not foreclosed by *Cordell II*, we affirm the trial court's reinstatement order because we reject the contention on its merits.

## I. Facts and Procedural History

¶ 3      The Cordells were the record owners of a tract of land located in La Plata County (Tract 1).[1] After the Cordells failed to pay the taxes owed on Tract 1 for several years, Brenda Heller purchased a tax lien for the property. Heller assigned that lien to Bradley Klingsheim, who later requested a deed to the property from the La Plata County Treasurer.

¶ 4      Before issuing the requested deed, the Treasurer sent the Cordells a copy of the notice of the application for a treasurer's deed on Tract 1 by certified mail.[2] The Treasurer mailed the notice to the Cordells in one envelope addressed to "Carl A. Cordell" and "Wanda M. Cordell" to 705 N. Vine in Farmington, New Mexico, the address

---

[1] Mr. Cordell was also the record owner of an adjoining tract of land (Tract 2). The reinstatement order, which is the subject of the Cordells' appeal, reinstated the treasurer's deeds for both Tract 1 and Tract 2. On appeal, however, the Cordells have not developed any argument that would undermine the trial court's reinstatement of the treasurer's deed for Tract 2. Accordingly, our analysis in this opinion is limited to the reinstatement of the treasurer's deed for Tract 1.

[2] The notice for Tract 2 was sent separately from the notice for Tract 1.

2

listed for the Cordells in the county tax records. The Treasurer later received a return receipt indicating that the notice had been received by Mr. Cordell's mother, Cleo Cordell. When the Cordells failed to exercise their rights to redeem the property, the Treasurer issued the treasurer's deed to Tract 1 to Klingsheim.

¶ 5     The Cordells learned of the notice some time later, at which time they filed suit seeking a declaratory judgment that they were the owners of Tract 1, and that the treasurer's deed was void.[3] After a bench trial, the trial court ruled that the Treasurer had not complied with section 39-11-128, C.R.S. 2017, because he had not made "diligent inquiry" in attempting to notify the Cordells that their land may be sold to satisfy a tax lien. Because it concluded that the Treasurer had not made the diligent inquiry required under the statute, the trial court voided the deed. The trial court also ruled that the treasurer's deed was void because no "separate notice" was mailed to Ms. Cordell. This is the alternative basis referred to at the outset of this opinion.

---

[3] The Cordells' claims, as well as the underlying facts, are set forth in detail in *Klingsheim v. Cordell*, 2016 CO 18 (*Cordell II*).

¶ 6     Klingsheim appealed.  He argued that the Treasurer satisfied his statutory duty of diligent inquiry and that the Treasurer was not required to mail a separate notice to Ms. Cordell.  In *Cordell I,* a division of this court concluded that the Treasurer failed to make the diligent inquiry required by section 39-11-128, and on that basis affirmed the voiding order.  *See Cordell I,* ¶¶ 6-20.  Having concluded that the Treasurer failed to comply with section 39-11-128, the division stated that it "need not address Klingsheim's additional contention concerning the treasurer's failure to mail separate notices to each record owner."  *Id.* at ¶ 20.

¶ 7     Judge Jones dissented from the majority's opinion in *Cordell I.* In his dissenting opinion, he considered and rejected the argument that the Treasurer's notice to Ms. Cordell "was defective as to her because it was not sent to her in a separate envelope."  *Id.* at ¶¶ 22, 65-68 (J. Jones, J., dissenting).

¶ 8     Klingsheim petitioned our supreme court for certiorari review, which it granted to decide "[w]hether the court of appeals' decision in [*Cordell I*] erroneously construed county treasurers' 'diligent inquiry' duties under section 39-11-128(1)(a) and (b)."  *Cordell II,* ¶ 13 n.2.  It concluded that the Treasurer fulfilled the duty of

4

diligent inquiry required by section 39-11-128. *Id.* at ¶¶ 15-41. The supreme court also concluded that the Treasurer's transmission of the notices by certified mail to the Cordells' address listed in the tax rolls, where the return receipt indicated that the notices were received by the person (Cleo Cordell, Mr. Cordell's mother) whom the Cordells anticipated would receive mail on their behalf, satisfied due process. *Id.* at ¶¶ 42-46. Having so concluded, it reversed the judgment in *Cordell I* and remanded the case "for further proceedings consistent with th[e] opinion." *Id.* at ¶ 48.

¶ 9     On remand to this court, the Cordells requested that the division from *Cordell I* consider the issue of whether due process required the Treasurer to mail a separate notice to Ms. Cordell. The division declined to do so. Judge Jones dissented, indicating that he would address "appellee's additional contention concerning the failure to mail separate notices to each record owner." *Cordell v. Klingsheim,* (Colo. App. No. 13CA388, July 13, 2016) (unpublished order). A mandate was ultimately issued reversing the voiding order and remanding the case to the trial court "for further proceedings

consistent with the opinion of the Colorado Supreme Court" in *Cordell II*.

¶ 10    On remand to the trial court, Klingsheim moved for the trial court to reverse the voiding order and reinstate both treasurer's deeds, arguing that doing so was consistent with and required by *Cordell II*. Specifically, he argued that *Cordell II* was a "complete reversal" of the voiding order and, therefore, reinstatement was required by the supreme court's holding in the case. The Cordells, on the other hand, contended that neither *Cordell I* nor *Cordell II* reached the separate notice issue, and, therefore, the trial court remained free to and should — as it had done previously — void the deed to Tract 1 on that basis. In the reinstatement order, it is unclear whether the trial court rejected the Cordells' separate notice argument on the merits or did so because it understood *Cordell II* as disposing of the contention, as the trial court granted Klingsheim's motion and adopted his proposed order without further analysis. The Cordells appeal the reinstatement order.

## II.    Analysis

### A.    *Cordell II* Did Not Resolve the Separate Notice Issue

¶ 11    Klingsheim contends that issuance of the reinstatement order was consistent with the supreme court's opinion in *Cordell II.* He argues that, in holding that "the notices at issue satisfied due process," the supreme court in *Cordell II* concluded that due process did not require the Treasurer to mail a separate notice to Ms. Cordell. *Id.* at ¶ 46. We disagree that the supreme court's opinion in *Cordell II* reached that issue.

¶ 12    Trial courts have no discretion to disregard binding appellate rulings. *Thompson v. United Sec. All., Inc.*, 2016 COA 128, ¶ 13 (*cert. granted sub nom. Rogers v. Catlin Ins. Co.* Sept. 11, 2017); *Kuhn v. State Dep't of Revenue*, 897 P.2d 792, 795 (Colo. 1995). When a trial court must determine whether an appellate decision dictates a particular result under the law of the case doctrine, we review its determination de novo. *See Hardesty v. Pino*, 222 P.3d 336, 339 (Colo. App. 2009).

¶ 13    "Conclusions of an appellate court, and rulings logically necessary to those conclusions, become the law of the case and generally must be followed in later proceedings." *In re Estate of*

*Shimizu*, 2016 COA 163, ¶ 13 (citation omitted). The law of the case doctrine does not apply, however, if there has been no prior decision by an appellate court on an issue. *Kuhn*, 897 P.2d at 796.

¶ 14    We are unpersuaded that the law of the case, as established by the supreme court's opinion in *Cordell II*, required the complete reversal of the voiding order. We reach this conclusion for two reasons. First, the question presented on certiorari in *Cordell II* does not encompass the issue of whether due process requires the mailing of a separate notice to each record owner. In *Cordell II*, ¶ 13 n.2, our supreme court granted certiorari to review "[w]hether the court of appeals' decision in [*Cordell I*] erroneously construed county treasurers' 'diligent inquiry' duties under section 39-11-128(1)(a) and (b)." Because our supreme court limits the scope of its review to the question presented on certiorari, *see White v. Muniz*, 999 P.2d 814, 818 n.7 (Colo. 2000) (declining to address a question outside the scope of the issue on certiorari); *People v. Branch*, 805 P.2d 1075, 1080 n.1 (Colo. 1991) (same), we cannot presume that an issue beyond the question presented was decided, *see Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939) ("While a mandate is controlling as to matters within its compass, on the

8

remand a lower court is free as to other issues."); *Gavend v. Malman*, 946 P.2d 558, 562 (Colo. App. 1997) (although the mandate required the reinstatement of improperly dismissed claims, on remand the court could nonetheless dismiss those claims on alternate grounds).

¶ 15 Second, the supreme court's treatment of the due process issue in *Cordell II* indicates that it did not reach the separate notice issue. There is no discussion whatsoever in the *Cordell II* opinion regarding whether due process required the Treasurer to mail Ms. Cordell a separate notice. Tellingly, in discussing the Cordells' due process rights, there is no discussion of the essential premise of the trial court's separate notice ruling — that "the constitutional rights of Ms. Cordell are separate from those of her spouse." Because there is no discussion of either the trial court's separate notice ruling or Ms. Cordell's individual due process rights, we are not persuaded that the supreme court reached the separate notice issue in *Cordell II*.

¶ 16 For these reasons, we conclude that *Cordell II* did not resolve the issue of whether the treasurer's deed was void because the Treasurer failed to mail Ms. Cordell a separate notice. Nor did this

court address it on remand. Because that issue was not resolved in a binding appellate decision, the law of the case doctrine did not *require* the trial court to reinstate the treasurer's deed on remand. *See Kuhn*, 897 P.2d at 796. Instead, it remained free to consider the merits of the Cordells' separate notice argument. Although in issuing the reinstatement order the trial court does not appear to have considered whether the Treasurer's failure to mail a separate notice to Ms. Cordell violated her right to due process — a conclusion reached in the voiding order that would preclude reinstatement of the treasurer's deed to Tract 1 — we now consider whether its failure to consider that issue on its merits warrants reversal.

B.     Due Process Did Not Require Separate Notice to Ms. Cordell

¶ 17     In his dissenting opinion in *Cordell I*, ¶¶ 65-68, Judge Jones concluded that the trial court erroneously voided the treasurer's deed based on the Treasurer's failure to mail a separate notice to Ms. Cordell.[4] As discussed above, neither the majority in *Cordell I*

---

[4] In the voiding order, the trial court found that "a separate notice must be sent to each person with an interest in the property, which was not done in this case. In this case, a separate notice was

10

nor our supreme court in *Cordell II* has addressed whether due process requires the mailing of a separate notice to each record owner under the circumstances here. We conclude that it does not.

¶ 18    Because there are no material facts in dispute, whether due process required the mailing of a separate notice to Ms. Cordell presents a question of law that we review de novo. *Awad v. Breeze*, 129 P.3d 1039, 1043 (Colo. App. 2005).

¶ 19    Due process "does not require that a property owner receive actual notice before the government may take his property." *Jones v. Flowers*, 547 U.S. 220, 226 (2006). Rather, "due process requires the government to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Mullane v. Centr. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)); *Willhite v. Rodriguez-Cera*, 2012 CO 29, ¶ 25 (same). Notice is constitutionally adequate when "the practicalities and peculiarities of the case . . . are reasonably met." *Mullane*, 339 U.S. at 314-15.

---

unlikely to have reached Ms. Cordell. However, the constitutional rights of Ms. Cordell are separate from those of her spouse."

11

¶ 20     We are aware of no requirement that, to comport with due process, each record owner residing at the same address must be mailed a separate notice of a pending tax sale.  In this case, when the Treasurer mailed the notice to the Cordells, they were married and both were receiving mail at the Farmington, New Mexico, address.  We conclude, under these circumstances, that the Treasurer's mailing of the notice to Ms. Cordell at the Farmington, New Mexico, address in the same envelope as the notice to Mr. Cordell was reasonably calculated to apprise Ms. Cordell that Tract 1 was the subject of a pending tax sale.  *See, e.g., Tax Certificate Invs., Inc. v. Smethers*, 714 N.E.2d 131, 135 (Ind. 1999) (holding that a single notice of pending tax sale mailed to most recent address provided by joint owners of record, a former married couple, satisfied due process); *DeSalvo v. Roussel*, 629 So. 2d 1366, 1369 (La. Ct. App. 1993) (holding that a single notice of pending tax sale mailed to joint owners of record at shared address of record was sufficient under notice statute); *In re Communipaw Cent. Land Co.*, 97 A.2d 176, 180 (N.J. Super. Ct. Ch. Div. 1953) (holding that joint notice of pending tax sale mailed to co-owners was sufficient under notice statute); *Curtis Bldg. Co., Inc. v. Tunstall*, 343 A.2d

389, 391 (Pa. Commw. Ct. 1975) (holding that notice mailed in a single piece of mail to both record owners, though allegedly never received by the husband, was sufficient under notice statute). *But see Alper v. LaFrancis*, 155 So. 2d 405, 406-07 (Fla. Dist. Ct. App. 1963) (holding that joint notice of pending tax sale mailed to husband and wife was insufficient under notice statute).

¶ 21     Because we conclude that the Treasurer's notice to Ms. Cordell satisfied due process, we also conclude that the reinstatement of the treasurer's deed to Tract 1 on remand was proper. Accordingly, we affirm the reinstatement order. *See Rush Creek Sols., Inc. v. Ute Mountain Ute Tribe*, 107 P.3d 402, 406 (Colo. App. 2004) ("[W]e may affirm the trial court's ruling based on any grounds that are supported by the record.").

## III.   Conclusion

¶ 22     The reinstatement order is affirmed.

JUDGE DUNN and JUDGE CASEBOLT concur.